COURT OF APPEALS
DECISION
DATED AND FILED

November 27, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1919**

STATE OF WISCONSIN

Cir. Ct. No. **2022CV766**

IN COURT OF APPEALS
DISTRICT IV

THOMAS M. WILLAN AND JULIA A. WILLAN,

  PLAINTIFFS-APPELLANTS,

V.

DANE COUNTY BOARD OF SUPERVISORS,

  DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: JACOB B. FROST, Judge. *Affirmed*.

Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Thomas Willan and Julia Willan appeal a circuit court order affirming the Dane County Board of Supervisors' denial of the

Willans' rezoning petition. They also raise issues relating to the court's earlier dismissal of their claims for a declaratory judgment. We affirm.

¶2 We first address the arguments that are directed to the circuit court's certiorari review of the Board's denial of the Willans' rezoning petition. One of the components of certiorari review is whether the Board proceeded on a correct theory of law. *Miller v. Zoning Bd. of Appeals*, 2023 WI 46, ¶9, 407 Wis. 2d 678, 991 N.W.2d 380. This is a question of law that we review de novo. *Id.*

¶3 The Willans argue that the Board proceeded on an incorrect theory of law because the granting of their rezoning petition was mandatory. It was mandatory, they argue, because the new zoning they request was consistent with the comprehensive land use plan and, therefore, by statute, must be approved. The argument relies on a statute providing, in part, that a county zoning ordinance that is enacted or amended after January 1, 2010, "shall be consistent with that local governmental unit's comprehensive plan." WIS. STAT. § 66.1001(3) (2021-22).[1]

¶4 The Willans misread the statute. They read it as providing that a county must approve all proposed amendments that would be consistent with the comprehensive plan. However, the statute does not affirmatively require the approval of any proposed amendment, but instead merely limits the universe of potential amendments that may lawfully be approved. It provides only that any amendments that the county chooses to approve must be consistent with the plan. In other words, the county is required to approve *only* amendments that are consistent with the plan, but it is not required to approve *all* amendments that are

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

consistent with the plan. Accordingly, it was not mandatory for the Board to grant the Willans' petition, and the Board did not proceed on an incorrect theory of law.

¶5    Another component of certiorari review is whether the Board's decision was arbitrary or unreasonable. *Miller*, 407 Wis. 2d 678, ¶9 n.7. The Willans argue that the Board's denial here was arbitrary or unreasonable, and also a violation of substantive due process, because it was contrary to WIS. STAT. § 66.1001(3). As discussed above, the denial was not contrary to that statute, and therefore this argument fails.

¶6    The Willans may also intend to argue that denial of their petition was a violation of their right to equal protection because it was based on an unreasonable classification of their property as being in a different class from other agricultural district properties. However, they do not provide a specific factual basis to support this argument.

¶7    The Willans argue that the Board was required to grant their rezoning petition so as to reinstate their "vested rights" that existed before a recent comprehensive rezoning ordinance. However, they cite no legal authority that supports such a requirement in the rezoning process.

¶8    The Willans argue that they were denied due process because a zoning administrator was allegedly biased against them. The circuit court rejected this claim because the administrator was not a Board member who cast a vote on the decision to deny their petition. On appeal, the Willans offer no rebuttal to that analysis. And, furthermore, recent case law clarifies that there is no due process right to an impartial decision-maker when a legislative body such as the Board here amends a generally applicable law such as a zoning ordinance. *Miller*, 407 Wis. 2d 678, ¶1.

¶9      In the course of denying the Willans' petition, the Board found that the Willans could achieve the goal that they stated as the reason for the rezoning by instead seeking a conditional use permit.  The Willans appear to argue that it was error for the Board to consider the availability of such a permit because their rezoning petition did not give the Board jurisdiction to consider granting that permit.  However, the Willans cite no law that makes it improper for a local legislative body to consider potential alternative courses of action that may be open to a rezoning applicant.

¶10     In addition to seeking certiorari review, the Willans sought a declaratory judgment.  The circuit court dismissed all named defendants except the Board in orders entered on September 14, 2022, and January 27, 2023.  At that point, the certiorari claim against the Board continued.  However, as to the other defendants who were dismissed, these orders were final orders that were appealable as a matter of right because the orders disposed of the entire matter in litigation as to one or more parties.  *See* WIS. STAT. § 808.03(1).  The Willans commenced this appeal on October 13, 2023, which is beyond the ninety-day time to appeal provided in WIS. STAT. § 808.04(1).  A timely notice of appeal is necessary to confer jurisdiction on this court.  WIS. STAT. RULE 809.10(1)(e).  Accordingly, the Willans' claims for declaratory judgment against the defendants other than the Board are not before us, and this opinion does not have an effect on those claims.  Our caption, which includes only the Board as a respondent on appeal, is consistent with that conclusion, and the Willans did not ask to have those dismissed defendants added to the caption.

¶11     The Willans argue that the circuit court erroneously dismissed their claim that a regulatory taking occurred when their property was rezoned during a comprehensive revision that occurred before their rezoning petition.  The court

dismissed this claim because the Willans did not allege facts showing that the rezoning denied them all or substantially all practical uses of the property. On appeal, the Willans agree that this was the correct legal test. They argue that the barn on their property is now restricted from agricultural uses that were previously permitted. However, this assertion, even if true, does not establish that they have been denied all or substantially all practical use of the property. Therefore, we affirm the dismissal of this claim.

¶12 The Willans sought a declaratory judgment based on an assertion that a 1998 certified survey map (CSM) involving their property was unlawful and must be corrected. The circuit court first ordered that, if the Willans were seeking leave to amend their complaint to add this as a claim, they must file an additional brief addressing whether any other parties are necessary to adjudicate the claim, such as other landowners affected by that CSM. Later, the court dismissed the purported claim because, although the Willans filed a brief, they did not file a motion seeking leave to amend their complaint to add this as a claim.

¶13 On appeal, the Willans argue that a suit for declaratory judgment regarding an ordinance such as a CSM need not name every person whose interests are affected by the ordinance, and that in any case here those persons were notified of this suit and could intervene, if they chose to. However, the Willans do not dispute the basis for the circuit court's decision by arguing that they moved for leave to amend, or that such a motion was unnecessary. Therefore, we affirm this decision.

¶14 The Willans argue that they are entitled to a default judgment due to what they assert was the Board's failure to file a timely answer. The Willans filed a motion in the circuit court for that relief, along with a motion to strike the

answer. The parties appear to agree that the court did not expressly decide those motions. The Board responds that no default occurred because the Board had timely filed a motion to dismiss and aspects of that motion were still pending for a decision by the court. The applicable procedural rules provide that a motion to dismiss shall be made before "a further pleading," such as an answer, and that the time to file an answer then runs from the court's denial of the dismissal motion, if it is denied. WIS. STAT. § 802.06(1)(a), (2)(b). Accordingly, we conclude that a default did not occur here.

¶15    Finally, to the extent that the Willans may have made additional arguments on appeal that we have not specifically addressed, we have considered and rejected those arguments, to the extent that we could discern them.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.